# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SETTLE | ) | CASE NO.: 4:18CV825 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CHRIS LAROSE | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Michael Settle ("Petitioner" or "Settle") is confined at the Northeast Ohio Correctional Center in Youngstown, Ohio. On April 18, 2018, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1 ("Petition")) in connection with his criminal conviction in the Trumbull County Court of Common Pleas, Case No. 2014 CR 00557. In that case, Settle was convicted by a jury in September 2015 of aggravated murder and four other felony offenses, and sentenced in October 2015 to an aggregate term of forty-four years to life. *See State v. Settle*, 86 N.E.3d 35, 39 (Ohio Ct. App. 2017).[1]

Petitioner filed a Motion to proceed with this action *in forma pauperis* (Doc. 2). The Motion is granted.

A federal court shall entertain a § 2254 habeas petition filed by person in custody pursuant to a state court judgment only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In the

---

[1] Federal courts may take judicial notice of public records, such as dockets and proceedings in other courts. *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (citation omitted).

Petition, Settle asserts four grounds for relief: (1) failure of the trial court to give an alternative jury instruction concerning accomplice testimony, (2) ineffective assistance of trial counsel, (3) ineffective assistance of appellate counsel, and (4) the jury's verdicts were against the manifest weight of the evidence.

An application for a writ of habeas corpus pursuant to § 2254 shall not be granted unless it appears that Petitioner has exhausted "the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b). "State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings." *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c); *Rose v. Lundy,* 455 U.S. 509 (1982)). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Id*. (citing among authority *Justices of Boston Mun. Court v. Lydon,* 466 U.S. 294, 302-03 (1984)); *see also* 28 U.S.C. § 2254(c). It is Settle's burden to establish that he has fully exhausted his available state court remedies with respect to the grounds for relief asserted in the habeas petition. *See Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987) (citing *Hopkins v. State,* 524 F.2d 473, 474-75 (5th Cir. 1975)).

The face of the Petition does not establish that Settle has exhausted his ineffective assistance of counsel claims or sought review of his convictions by the Ohio Supreme Court. Such review may be available and must be sought by Settle in order to exhaust his state court remedies. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Accordingly, Settle's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 cases for failure to exhaust.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.


September 14, 2018                         s/John R. Adams_____
                                                                         JUDGE JOHN R. ADAMS
                                                                          UNITED STATES DISTRICT COURT